IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3168-D

LACY LEE WILLIAMS,            )
                              )
            Plaintiff,        )
                              )
      v.                      )      **ORDER**
                              )
ARAMARK FOOD SERVICE, et al., )
                              )
            Defendants.       )

Lacy Lee Williams ("Williams" or "plaintiff"), a pretrial detainee[1] at the time he filed this action, seeks relief pursuant to 42 U.S.C. § 1983 [D.E. 1]. Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On October 27, 2009, the court conducted a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed defendants Harrison, Brannon, and Ledford, along with plaintiff's claims for dissatisfaction with administrative remedies and for declaratory and injunctive relief. Williams v. Aramark Food Serv., No. 5:08-CT-2168-D, [D.E. 7] at 2–4 (E.D.N.C. Oct. 27, 2010). The court allowed plaintiff's claims for monetary damages against defendants Aramark Food Service ("Aramark") and Wake County Public Safety Center physician Dr. Umesi to proceed. Id. at 4. The court directed Williams "to amend his complaint to name the individual within the North Carolina Department of Human Resources, Division of Facility Services, Chief of Jail and Detention Section against whom he asserts a claim and state the facts upon which

---

[1] The court takes judicial notice that Williams has been convicted and is now incarcerated at Maury Correctional Institution. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0442843 (last visited Nov. 18, 2010). Although Williams apparently has been at Maury since September 10, 2010, he has failed to notify the court of his change of address as required by Local Civil Rule 83.3, EDNC. The court cautions Williams to comply with the local rules of this court.

he relies in support of his claim and any injury resulting therefrom." Id. On November 3, 2009, Williams timely filed an amended complaint [D.E. 8]. On March 9, 2010, Williams filed a motion to adjudicate his amended complaint [D.E. 9]. On March 12, 2010, Williams filed a "declaration for entry of default" [D.E. 10]. The court reviews Williams's amended complaint under 28 U.S.C. § 1915 and construes his pro se pleadings liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

I.

Williams alleges in his amended complaint that "the name of the North Carolina Human Resources, Division of Facility Services, Chief of Jail and Detention Section is: John P. Harkins . . . ." Am. Compl. at 1. Williams claims that he wrote to Harkins on December 5, 2009,[2] complaining that "pretrial detainees especially Diabetics & other chronic diseased Health Care persons are not receiving nutritious and proper cooked foods" and that he "never received a respence [sic], nor was there an investigation or inspection" as required by law. Id. at 2. Williams states that in his letter to Harkins, he "explainded [sic] in detail of spoiled meats and inadequate amount of calories." Id. Williams alleges that a state regulation, "10 NCAC 3J," provides that prisoner complaints regarding "substandard Conditions, Sanitation or 'Foods', . . . should be forwarded to the state agency responsible for enforcing those Regulations[;]" i.e., Harkins. Id.

Essentially, Williams's claim against Harkins appears to be one based on his dissatisfaction with the grievance process (by not receiving any response from Harkins to his letter), or a claim based on supervisory liability by operation of state regulations, rather than an allegation that Harkins acted with deliberate indifference to Williams's dietary needs as a diabetic. The court already has

---

[2] Given that Williams filed his amended complaint on November 3, 2009, and filed his original complaint on December 12, 2008, the court believes this date to be in error.

2

noted that such a claim cannot proceed. See Williams, No. 5:08-CT-2168-D, [D.E. 7] at 2–3 (E.D.N.C. Oct. 27, 2010). Thus Williams's claim against Harkins is frivolous. Similarly, Williams also appears to disagree with the court's prior conclusion regarding the dismissal of defendants Harrison, Brannon, and Ledford, as he indicates that he "wish[es] to keep" these defendants "under 'supervisory liability'." Am. Compl. at 3–4. For the reasons stated in the court's prior order, Williams has not alleged a claim against any of these defendants.

II.

In sum, the amended claim against defendant Harkins is DISMISSED as frivolous. For the reasons stated in the court's October 27, 2009 order, Williams's action against Aramark Food Service and Dr. Umesi for monetary damages is ALLOWED to proceed, and the Clerk of Court is DIRECTED to maintain management of the action against them. Williams's motion to adjudicate his amended complaint [D.E. 9] is DENIED as moot. To the extent that Williams's "declaration for entry of default" [D.E. 10] is a motion, the declaration is DENIED WITHOUT PREJUDICE. To date, no defendant has been served with the amended complaint; therefore, no defendant is in default.

SO ORDERED. This 19 day of November 2010.

JAMES C. DEVER III
United States District Judge