IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3168-D

LACY LEE WILLIAMS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
ARAMARK FOOD SERVICE, et al., )
)
Defendants. )

Lacy Lee Williams ("Williams" or "plaintiff"), a pretrial detainee[1] at the time he filed this action, seeks relief pursuant to 42 U.S.C. § 1983 [D.E. 1]. Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On October 27, 2009, the court conducted a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed defendants Harrison, Brannon, and Ledford, along with plaintiff's claims for dissatisfaction with administrative remedies and for declaratory and injunctive relief [D.E. 7]. The court allowed plaintiff's claims for monetary damages against defendants Aramark Food Service ("Aramark") and Wake County Public Safety Center physician Dr. Umesi to proceed, and directed Williams to amend his complaint to name the individual within the North Carolina Department of Human Resources, Division of Facility Services, Chief of Jail and Detention Section against whom he asserts a claim and state the facts upon which he relies in support of his claim and any injury resulting therefrom. Id. On November 3, 2009,

---

[1] The court takes judicial notice that Williams has been convicted and is now incarcerated at Central Prison. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0442843 (last visited Sept. 22, 2011). Although Williams apparently has been at Central Prison since September 9, 2011, he has failed to notify the court of his change of address as required by Local Civil Rule 83.3, EDNC. The court cautions Williams to comply with the local rules of this court.

Williams timely filed an amended complaint and named as a new defendant John P. Harkins, Chief of the Jail and Detention Section, Division of Facility Services, North Carolina Human Resources. [D.E. 8]. On November 19, 2010, the court reviewed Williams's amended complaint under 28 U.S.C. § 1915 and dismissed his amended claim against defendant Harkins as frivolous. [D.E. 11] at 3.

On March 18, 2011, Aramark filed a motion to dismiss for insufficiency of service of process [D.E. 18]. On June 3, 2011, Dr. Umesi filed a motion for summary judgment [D.E. 30]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Williams about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 32]. Williams has not responded to the motion for summary judgment. On June 14, 2011, Williams filed a motion to stay [D.E. 33]. As explained below, the court grants Dr. Umesi's motion for summary judgment and dismisses plaintiff's claim against Aramark for failure to state a claim upon which relief may be granted. The court denies as moot Aramark's motion to dismiss for insufficiency of service of process and denies Williams's motion to stay.

I.

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward

and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact. See Matsushita Elec. Indus. Co., 475 U.S. at 587. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In evaluating affidavits submitted in support or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Courts evaluate confinement conditions of pretrial detainees in state custody under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, however, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Nicodemus, 979 F.2d at 991 (quotation omitted). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the prisoner to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (emphasis and quotation omitted). Under the second prong, the prisoner must show that "subjectively the officials

3

acted with a sufficiently culpable state of mind." Id. (alteration, emphasis, and quotation omitted).

To meet the subjective prong, a plaintiff must show that the prison official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837. Plaintiff must demonstrate that the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Grayson v. Peed, 195 F.3d 692, 695–96 (4th Cir. 1999).

Williams alleges that he did not receive a nutritious diet sufficient to meet his medical needs as a diabetic and that Dr. Umesi "refused to evaluate plaintiff['s] medical complaint and issues concerning his untherapeutic diabetic diet which have caused illnesses and [a]ffected plaintiff's diabetes," and "accepts these unconstitutional and unlawful acts which violate[] diabetics' medical rights while in his care." Compl. 7–8. Williams alleges no other specific acts or omissions by Dr. Umesi while Williams was under Dr. Umesi's care.

Williams has failed to show that Dr. Umesi acted with deliberate indifference to his medical needs, or that the care provided him was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. According to Dr. Umesi's affidavit, he ordered that Williams receive an ADA diet every time he

4

came to the Wake County Jail, in accordance with jail policy. Def.'s Mot. Summ. J., Ex. 1 at 2 (Umesi Aff.). While Aramark held the detention food service contract, Dr. Umesi observed that Aramark "furnished nutritious, wholesome and palatable meals to inmates that met or exceeded the nutrition and caloric requirements of the State of North Carolina and in addition met all standards . . . ." Id. Aramark "furnished special medical diet meals as ordered by the Wake County Detention Medical Staff, the same medical diet meals that were ordered for Mr. Williams." Id. Additionally, Dr. Umesi regularly monitored Williams's blood sugar levels, and attributes Williams's symptoms to his purchase and consumption of sugary foods from the canteen rather than to Aramark's meals. Id. Thus, the record demonstrates that Dr. Umesi ordered special medical diet meals for Williams, that Aramark provided the special medical diet meals that Dr. Umesi ordered, and that those medical meals met the appropriate standards. Moreover, despite being notified by the court about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 32], Williams has not responded to the motion for summary judgment, and the time within which to do so has expired. Therefore, the court grants Dr. Umesi's motion for summary judgment.

As for plaintiff's claim against Aramark, the statute governing prisoner civil actions provides that "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see

5

Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). "[A]ssum[ing] without deciding that Aramark acted under color of state law for purposes of § 1983 by performing the traditional governmental function of providing food service at the Jail," Coleman v. Aramark, 31 F. App'x 808, 809 (4th Cir. 2002) (per curiam) (unpublished), "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights," Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (emphasis omitted). Not all state action rises to the level of a custom or policy. Williams cites no written or formal policy that Aramark implemented. Instead, Williams simply alleges isolated incidents of improper food service that affected him individually. Likewise, he has not alleged a clear and consistent pattern of constitutionally-deficient food service of which Aramark had notice, and failed to act upon. See Broyles v. Corr. Med. Servs., No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) ("[B]are allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."); Page v. Kirby, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004). Moreover, the affidavits of Dr. Umesi and Alan Moore show that Aramark provided special medical diet meals [D.E. 30-1, 30-3]. Thus, plaintiff has failed to state a claim against Aramark upon which relief can be granted. Accordingly, the court dismisses Williams's complaint against Aramark.

As for Williams's motion to stay, Williams seeks a stay "due to the North Carolina DOC Correctional officers taking plaintiff's legal property behind an alleged threat that plaintiff will burn his cell room" and injuries Williams sustained when "Correctional officers us[ed] unnecessary force" on him. Mot. Stay 1. Williams further requests that the court "send to the NCDOC head officials/administration a letter, under law which require plaintiff to have legal access to the courts and in order to complete his responses and opposition to defendant's motion for summary judgment . . . ." Id. at 2.

6

Williams has failed to explain how these events, which occurred at unspecified times, prevented him from filing a response to the motion for summary judgment, or necessitate an indefinite stay of the proceedings. Moreover, Williams's assertion that he has difficulty accessing the court is belied by his ability to file the motion to stay. Thus, the court denies the motion to stay.

II.

For the reasons stated, the court GRANTS Dr. Umesi's motion for summary judgment [D.E. 30]. The court DISMISSES Williams's complaint against Aramark for failure to state a claim. The court DENIES AS MOOT Armark's motion concerning service of process [D.E. 18] and DENIES Williams's motion to stay [D.E. 33]. The Clerk of Court is directed to close the case.

SO ORDERED. This 26 day of September 2011.

*[signature]*
JAMES C. DEVER III
United States District Judge